IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICKY RONNELLL EWING**                                                                                          **PLAINTIFF**

**v.**                                                                                                                         **1:16-cv-52-HSO-JCG**

**MIKEL PEABODY** *Corrections Officer*                                                                  **DEFENDANTS**
*at SMCI*; **ZENIA HOLICOMB,**
*Lieutenant at SMCI*; **and SHETICA**
**LOCKHART,** *Lieutenant at SMCI*

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 16), filed by Defendants Mikel Peabody, Zenia Holicomb, and Shetica Lockhart. Plaintiff Ricky Ronnell Ewing is a postconviction prisoner in the custody of the Mississippi Department of Corrections ("MDOC") at South Mississippi Correctional Institute ("SMCI") who is proceeding *pro se* and *in forma pauperis*. Plaintiff responded to Defendants' Amended Motion for Summary Judgment and filed his own Motion entitled "Motions and Exhibits and Objections." (ECF No. 20); (ECF No. 21). At his omnibus hearing[1] and in his Response in Opposition (ECF No. 20), Plaintiff admitted facts confirming that he did not fully exhaust the Administrative Remedy Program ("ARP") adopted by the MDOC before filing this lawsuit. Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust available

---

[1] The omnibus hearing, which was held on January 31, 2017, functioned as a screening hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

administrative remedies, and Defendants' Motion for Summary Judgment (ECF No. 16) should therefore be granted.

## I. BACKGROUND

Plaintiff is a frequent *in forma pauperis* prisoner filer, who had one qualifying dismissal or "strike" at the time he filed this suit on February 16, 2016.[2] He has since accumulated two more strikes.[3] There are currently twelve suits pending in this Court filed by Plaintiff.[4]

In this suit, Plaintiff's primary allegation is that, on January 25, 2016, Mikel Peabody, Zenia Holicomb, and Shetica Lockhart ordered him off his bed, ordered him to take off his clothes for a strip search in the presence of female correctional officers, and called him derogatory names. (ECF No. 1, at 4). He seeks $900,000,000.00 "for all of [his] pain and suffering, conspiracy, discrimination races, racism, and harrassment." *Id.* In the space provided on the form Complaint, Plaintiff checked "yes" when asked if he had completed the ARP regarding the

---

[2] A qualifying dismissal or "strike" is "an action or appeal in a court of the United States that [is] dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). A prisoner with three of more strikes cannot proceed *in forma pauperis* in a civil action or appeal "unless the prisoner is under imminent danger of serious physical injury." *Id.* In *Ewing v. Jones*, 1:15-cv-254-HSO-JCG (S.D. Miss. Feb. 1, 2016), Plaintiff's suit was dismissed as malicious because Plaintiff was pursuing the same claims in civil action number 1:15-cv-253-LG-RHW.
[3] In *Ewing v. Cooley,* 1:15-cv-277-HSO-JCG (S.D. Miss. Apr. 11, 2016), Plaintiff's claims were dismissed with prejudice as frivolous and for failure to state a claim. In *Ewing v. Richie*, 1:16-cv-90-HSO-JCG (May 17, 2016), claims against certain defendants were dismissed for failure to state a claim, and the remainder of the case is pending.
[4] *Ewing v. May,* 3:14-cv-474-LRA (S.D. Miss.); *Ewing v. Woodall,* 1:15-cv-253-LG-RHW (S.D. Miss.); *Ewing v. Banks,* 1:15-cv-298-RHW (S.D. Miss.); *Ewing v. Cooley,* 1:15-cv-381-HSO-JCG (S.D. Miss.); *Ewing v. Peabody,* 1:16-cv-46-HSO-JCG (S.D. Miss.); *Ewing v. Peabody,* 1:16-cv-52-HSO-JCG (S.D. Miss.); *Ewing v. Sanford,* 1:16-cv-56-HSO-JCG (S.D. Miss.); *Ewing v. William,* 1:16-cv-76-LG-RHW (S.D. Miss.); *Ewing v. Richie,* 1:16-cv-90-HSO-JCG (S.D. Miss.); *Ewing v. Frost,* 1:16-cv-121-LG-RHW (S.D. Miss.); *Ewing v. Horn,* 1:16-cv-122-LG-RHW (S.D. Miss.).

claims presented in his Complaint. *Id.* at 3. He indicated in his Complaint, and also testified at the omnibus hearing, that he submitted these claims to the ARP on the same day, January 25, 2016. *Id.* He also testified at the hearing that he knowingly filed the instant law suit before receiving a first step response to his ARP.

Defendants aver that "Plaintiff filed an Administrative Remedy Program grievance regarding the January 25, 2016 search and strip search on or about January 26, 2016, but the grievance was backlogged and not processed due to the number of previously filed grievances by Plaintiff that were waiting to be processed." (ECF No. 17, at 6). Further, say Defendants, "even if the grievance had been accepted and processed on January 26, 2016, it would have been impossible to fully exhaust through the two-step Administrative Remedy Program by February 16, 2016, the date Plaintiff filed his Complaint with this Court." *Id.* In support, Defendants submitted the sworn affidavit of Joseph Cooley, the custodian of the ARP records at SMCI, in which he states that "[t]his grievance is in backlog because there are previous Grievances that will be processed before this one." (ECF No. 16-1).

Plaintiff then responded to Defendants' Motion [all sic in original]:

Mr. Ewing 34353 fill like his case should not be dismiss. I fill like the Summary Judgment of the Defendants be dismiss. Because it base on a (ground of a claim error.)
So I fill like if (ARP) Exhibit D#4-8 was process in a month Exhibit G #11 could have been process also on 1/25/16 at 8:45 A.M. and this affidavit should have been process as well….

MDOC says (Backlog #30) was not processed, it's seem to me M.D.O.C. are not trying to process any one of my (backlog) that they claims.

(ECF No. 20, at 4). Plaintiff also filed a Motion entitled "Motion and Exhibits and Objections," which, by and large, makes the same arguments as his Response in Opposition, and asks for judgment in his favor plus an award of $52,000,000 in damages. (ECF No. 21, at 2-6).

## II. DISCUSSION

### A. Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

### B. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

    C.  The PLRA's Exhaustion Requirement

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner

5

cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

D. <u>Plaintiff Did Not Exhaust MDOC's ARP</u>

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an ARP through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.[5] Effective September 19, 2010, the ARP is a two-step process. *See Threadgill v. Moore*, No. 3:10-cv-378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011). A prisoner may only have one active complaint at a time; thus when a prisoner files multiple complaints, all but the first are maintained in backlog. *Wilson v. Epps*, 776 F.3d 296, 300 (5th Cir. 2015).

The Fifth Circuit has recognized that the procedure of backlogging in a prison administrative program is constitutional and does not excuse a prisoner's failure to exhaust available administrative remedies. *Wilson*, 776 F.3d at 300; *Wilson v. Boise,* 252 F.3d 1356, 2001 WL 422621 (5th Cir. 2001) (unpublished).

---

[5] *See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx.

The Fifth Circuit held in *Wilson v. Boise* that the plain meaning of the PLRA, as well as public policy, compelled this result:

> Wilson's backlogged claims result directly from his own litigiousness. Were we to hold prison authorities to the standard deadlines on all claims, prisoners could easily circumvent the requirement of exhaustion simply by filing voluminous numbers of complaints, knowing that the authorities would not be able to address all of them in a timely fashion.

2001 WL 422621, at *4.

In *Wilson v. Epps,* the Fifth Circuit addressed MDOC's ARP specifically and held that a prisoner plaintiff "cannot maintain a suit founded on any claim that he presented to the prison in only a step-one ARP, irrespective of whether the prison responded within the time allotted for rendering step-one response." 776 F.3d at 301. The Fifth Circuit noted that the prisoner's "complaint makes clear that he neither received a final-step response from the prison nor filed a final-step appeal and sued only after the prison failed to timely respond at that point." *Id.* at 302. Summary judgment in favor of the defendants was affirmed. *Id.*

As established by Joseph Cooley's sworn statements, Plaintiff only filed a step-one ARP concerning the claims in this suit. It was backlogged due to previous grievances filed by Plaintiff. Plaintiff's testimony and response to Defendants' Motion for Summary Judgment do not contradict Mr. Cooley's statements. If anything, Plaintiff seems to concede that his ARP grievance is backlogged, but argues that it is unfair for it to be handled this way. The law is

7

clear that backlogging of Plaintiff's grievance does not excuse his failure to exhaust available administrative remedies. Backlogged claims result directly from Plaintiff's own litigiousness. Plaintiff cannot circumvent the requirement of exhaustion by filing voluminous numbers of complaints. Plaintiff's claims are barred by 42 U.S.C. § 1997e(a) and should be dismissed without prejudice.

### III.  RECOMMENDATION

It is recommended that the Amended Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 16) filed by Defendants Mikel Peabody, Zenia Holicomb, and Shetica Lockhart be GRANTED, that Plaintiff's Motion entitled "Motion and Exhibits and Objections" (ECF No. 21) be DENIED, and that Plaintiff's claims be dismissed without prejudice.

### IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be

8

barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED,** this the 6th day of April, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE